

$400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK WARLOW | : | CIVIL ACTION NO. |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| and | : | |
| | : | **15   4222** |
| POLICE OFFICER JEFFREY WALKER | : | |
| (Badge No. 3730) | : | |
| Individually and as a Police Officer | : | |
| for the City of Philadelphia | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICERS JOHN DOES 1-5 | : | |
| (Badge Nos. Presently Unknown) | : | |
| Individually and as Police Officers | : | |
| for the City of Philadelphia | : | |

### COMPLAINT

### JURISDICTION

1.    This is an action brought pursuant to 42 U.S.C. §1983.  Jurisdiction is based upon 28

U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution,

and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia

and against the City of Philadelphia Police Officers in their individual capacities.  Plaintiff invokes

the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under

State law.

1.

**PARTIES**

2. Plaintiff is Derrick Warlow, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Upon information and belief, defendant Police Officers John Does 1-5 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics, and whose identities are presently unknown. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

**FACTS**

6. On or about January 4, 2011, plaintiff was contacted by a friend to meet him in West Philadelphia at a fast food restaurant and since plaintiff intended to visit his mother who lived in West Philadelphia, plaintiff agreed.

7. When plaintiff arrived at the fast food restaurant, undercover police were present and arrested plaintiff.

2.

8. Several hours after plaintiff was arrested, undercover police went to his mother's house and knocked in her front door.

9. That without a search warrant, the undercover police searched plaintiff's mother's house, and allegedly found marijuana and heroin.

10. That a room in plaintiff's mother's house was rented by plaintiff's friend who telephoned plaintiff requesting to meet.

11. After the illegal warrantless search, neither plaintiff's mother nor the visiting friends were arrested nor did the undercover police find any items or clothing which belonged to plaintiff, who did not reside with his mother.

12. Meanwhile, while plaintiff was incarcerated at CFCF, the police wanted plaintiff to plead guilty to possession of the marijuana and heroin allegedly found in his mother's house.

13. While in prison, an attorney from the Philadelphia Public Defender's office or a court appointed lawyer visited plaintiff and informed him that if plaintiff did not accept the deal, the police would place drug charges on his mother, since the house was titled in her name.

14. Because of the threats to falsely accuse his mother of drug possession and other drug offenses, plaintiff agreed to plead guilty to crimes of which plaintiff was actually innocent.

15. That on or about January 24, 2011, a preliminary hearing was held at which defendant Walker testified, and as a result, plaintiff was held for trial.

3.

16. On or about June 30, 2011, plaintiff entered a guilty plea to manufacture, delivery and possession with intent to manufacture and deliver, and was sentenced to a period of incarceration of 1 to 2 years, followed by 4 years of probation.

17. Plaintiff was falsely accused of the drug charges since he neither possessed, attempted to sell drugs, or sold drugs, as defendant Officers alleged.

18. None of the accusations against plaintiff were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in court and reaping a financial gain for the illegal and false arrest and prosecution.

19. For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

20. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

21. The prosecutor was aware that defendant Walker and the other defendant Officers were corrupt, making false and illegal arrests resulting in false prosecutions and illegal and unjust incarceration, and for this reason the prosecutor withdrew the criminal charges the prosecutor had filed against plaintiff.

4.

22.   That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family, friends, and especially, his children.

23.   That since plaintiff's coerced guilty plea, defendant Walker was arrested by the F.B.I., indicted and pled guilty to corruption, including false accusations, false arrests and perjury, to gain convictions.

24.   More specifically, the District Attorney of Philadelphia refused, even prior to Walker's arrest, to prosecute or charge cases or approve any search or arrest warrant in which defendant Jeffrey Walker and/or all of the other defendant Officers were involved.

25.   This decision rested on knowledge that some and/or all of the defendant Officers in this matter had engaged in conduct raising questions about their integrity and law-abidingness while on duty.

26.   That on or about November 8, 2013, plaintiff's charges filed under CP-51-CR-0001050-2011, were nol prossed because it involved a Walker arrest and plaintiff's conviction, therefore, was based on false accusations and perjury, accusing plaintiff of crimes of which plaintiff was innocent.

27.   That as a result of this conviction, plaintiff was incarcerated for 2 years and 10 months, even though plaintiff was innocent of the crimes of which he was accused.

28.   At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant Officers.  Federal agents and Federal prosecutors knew.  The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates, knew.  Former District Attorney

Lynn Abraham and some of her subordinates, as well as her successor in office, knew. The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by State and Federal prosecutors and other sources.

29.   As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the right to be free from excessive force; the right to be free from malicious prosecution; and the right to due process of law. Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the aforementioned clearly established rights.

30.   The actions or inactions of defendants violated clearly established rights.

31.   All actions taken by defendants in this matter were taken under color of State law.

32.   As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, anxiety, fear, mental harm, loss of parental rights and financial loss.

33.   As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, as well as parallel provisions of the Pennsylvania Constitution, and in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of State actors to violate the aforementioned clearly established rights.

6.

34.  The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

**COUNT I**

**42 U.S.C. §1983 against Defendant Officers**

*Assault*

35.  Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein at length.

36.   Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.   More specifically, defendant Officers intentionally placed plaintiff in reasonable apprehension if imminent harmful and/or offensive bodily contact, and defendants' actions were the actual and proximate cause of plaintiff's harm.

37.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

7.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

#### *Assault*

38. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein at length.

39. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally placed plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and such actions were the actual and proximate cause of plaintiff's harm.

40. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT III

### 42 U.S.C. §1983 against Defendant Officers

#### *Unlawful Arrest*

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein at length.

42. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers acted

8.

with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and such actions were the actual and proximate cause of plaintiff's confinement.

43. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT IV**

**Supplemental State Law Claim Against Defendant Officers**

***False Imprisonment***

44. Paragraphs 1 through 43 are incorporated by reference as though fully set forth herein at length.

45. Plaintiff was damaged and injured as set forth above by defendant Officers in that they acted with the intent to confine plaintiff unlawfully and against plaintiff's will, confining him on false criminal charges during the period May 13, 2013 until his release 3 months later, during which period of time he feared for his life and safety, was deprived of needed medical care and attention, subjected to indignities, deprived of family and friends, and was imprisoned on false charges trumped up by the police, and such actions were the actual and proximate cause of plaintiff's confinement.

46. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest,

injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT V

### 42 U.S.C. §1983 against Defendant Officers

#### *Malicious Prosecution*

47.  Paragraphs 1 through 46 are incorporated by reference as though fully set forth herein at length.

48.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice.  These proceedings terminated in favor of plaintiff.  Defendants' conduct was the direct and proximate cause of plaintiff's harm.

49.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VI

### Supplemental State Law Claim Against Defendant Officers

#### *Malicious Prosecution*

50.  Paragraphs 1 through 49 are incorporated by reference as though fully set forth herein at length.

10.

51. Plaintiff was damaged and injured as set forth above by defendant Officers in that they instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

52. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

<h2 style="text-align:center">COUNT VII</h2>

<h3 style="text-align:center">42 U.S.C. §1983 against Defendant Officers</h3>

<h3 style="text-align:center"><em>Conspiracy</em></h3>

53. Paragraphs 1 through 52 are incorporated by reference as though fully set forth herein at length.

54. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of plaintiff's harm.

11.

55.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VIII

### Supplemental State Law Claim Against Defendant Officers

### *Conspiracy*

56.  Paragraphs 1 through 55 are incorporated by reference as though fully set forth herein at length.

57.  Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania.  The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

58.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IX

### Supplemental Claim of Intentional Infliction of Emotional Distress against All Defendant Officers

59.  Paragraphs 1 through 58 are incorporated by reference as though fully set forth herein at length.

12.

60.  Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally and/or recklessly caused plaintiff severe emotional distress by their extreme and outrageous conduct.

61.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT X

### Supplemental Claim of Negligent Infliction of Emotional Distress against All Defendant Officers

62.  Paragraphs 1 through 61 are incorporated by reference as though fully set forth herein at length.

63.  Plaintiff was damaged and injured as set forth above by defendant Officers in that they negligently caused plaintiff severe emotional distress by their extreme and outrageous conduct and where plaintiff's emotional distress resulted in the manifestation of physical symptoms.

64.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

13.

## COUNT XI

## 42 U.S.C. §1983 against Defendant City of Philadelphia

65.  Paragraphs 1 through 64 are incorporated by reference as though fully set forth herein at length.

66.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

67.  It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

68.  It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

69.  There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

14.

a.   In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

b.   During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in Federal convictions for, inter alia, racketeering.

c.   In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

d.   In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

e.   In the last five years, numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas

15.

Deabler, have all been assigned to either desk duty or non-narcotics related assignments.  Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries.  Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

70.  It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

71.  As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

72.  As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

16.

<u>COUNT XII</u>

**Supplemental Claim of Negligent Hiring, Retention and**
**<u>Supervision against defendant, City of Philadelphia</u>**

73. Paragraphs 1 through 72 are incorporated by reference as though fully set forth herein at length.

74. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiff's injuries.

75. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

MARGARET BOYCE FUREY, ESQUIRE
Four Tower Bridge, Suite 400
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
610-397-0125 (phone)
610-397-0126 (fax)

17.